IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **BERNARDO ARROYO,** | ) | No. CV-F-05-072 OWW |
| | ) | (No. CR-F-96-5275 OWW) |
| | ) | |
| | ) | MEMORANDUM DECISION AND |
| Petitioner, | ) | ORDER DISMISSING |
| | ) | PETITIONER'S MOTION TO |
| vs. | ) | VACATE, SET ASIDE OR CORRECT |
| | ) | SENTENCE PURSUANT TO 28 |
| | ) | U.S.C. § 2255 AND DIRECTING |
| **UNITED STATES OF AMERICA,** | ) | CLERK OF COURT TO ENTER |
| | ) | JUDGMENT FOR RESPONDENT |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

On January 18, 2005, petitioner Bernardo Arroyo filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner previously filed a Section 2255 motion, which was denied by Order filed on May 18, 2004. A certificate of appealability was denied by Order filed on May 18, 2004.

Petitioner's present motion asserts that the calculation of his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004).

Petitioner's motion is DISMISSED for lack of jurisdiction.

1

Section 2255 provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Because petitioner has previously sought relief pursuant to Section 2255 and has not received from the Ninth Circuit certification as required by Sections 2244 and 2255, this court does not have jurisdiction to consider the merits of this second motion.  *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998).[1]

IT IS SO ORDERED.

Dated:   **July 8, 2008**               /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE

---

[1] Petitioner should note that neither *Blakely* nor *United States v. Booker*, 543 U.S. 200 (2005) are retroactive on collateral review. *United States v. Cruz*, 423 F.3d 1119 (9th Cir.2005), *cert. denied*, 546 U.S. 1155 (2006); *Schardt v. Payne*, 414 F.3d 1025 (9th Cir.2005).